UNITED STATES v. MISSOURI, K. & T. RY. CO.

(District Court, D. Kansas, First Division.   January 13, 1913.)

No. 1,209.

MASTER AND SERVANT (§ 13*) — RAILROADS — HOURS OF SERVICE ACT — TELE-
GRAPH OPERATORS—"OPERATED NIGHT AND DAY."

A telegraph office of an interstate railroad company from which its
operators send and receive orders relating to the movement of trains dur-
ing 22 hours of each day is "operated night and day," within the meaning
of the provision of Hours of Service Act March 4, 1907, c. 2939, § 2, 34
Stat. 1316 (U. S. Comp. St. Supp. 1911, p. 1321), that no such operator
"shall be required or permitted to be or remain on duty for a longer
period than 9 hours in any 24-hour period in all  *  *  *  offices  *  *  *
continuously operated night and day," nor for a longer period than 13
hours in offices "operated only during the day time." The intention to
divide the offices into two classes, and requiring an operator in such of-
fice to remain on duty 10 hours each day of 24 hours, although not con-
tinuously, is a violation of the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14;
Dec. Dig. § 13.*]

At Law.  Action by the United States against the Missouri, Kansas
& Texas Railway Company.  Judgment for plaintiff.

Harry J. Bone, U. S. Atty., of Topeka, Kan., and Monroe C. List,
Special Asst. U. S. Atty., of Washington, D. C., for the United States.

John Madden and W. W. Brown, both of Parsons, Kan., for de-
fendant.

POLLOCK, District Judge.   This action was brought by the gov-
ernment against defendant railway company engaged in the carriage
of interstate commerce to recover the penalty provided for violation
of the provisions of section 1 of what is commonly known as the
Hours of Service Act (Act March 4, 1907, c. 2939, 34 Stat. 1415 [U.
S. Comp. St. Supp. 1911, p. 1321]), which, among other matters, pro-
vides as follows:

Provided, that no operator, train dispatcher, or other employé who by the
use of the telegraph or telephone dispatches, reports, transmits, receives, or
delivers orders pertaining to or affecting train movements shall be required
or permitted to be or remain on duty for a longer period than nine hours in
any twenty-four hour period in all towers, offices, places, and stations con-
tinuously operated night and day, nor for a longer period than thirteen hours
in all towers, offices, places, and stations operated only during the daytime,
except in case of emergency, when the employés named in this proviso may
be permitted to be and remain on duty for four additional hours in a twenty-
four hour period on not exceeding three days in any week.

On issue joined, to facilitate hearing and determination, all parties
have waived trial by jury and request the court to determine the mat-
ter on a stipulation of facts filed herein.   Among other facts stip-
ulated are the following:   Defendant in the months of May and June,
1910, was a common carrier of interstate commerce.   As such carrier
it had a station and telegraphic office at Coffeyville, this state, from
which its operators sent and received telegraphic communications gov-

erning the movement of its trains engaged in interstate commerce. Its operators so employed at the time were O. O. Ryman and J. H. Webster. Regarding the hours of service of the operators so employed by defendant claimed to be in violation of that provision of the act above quoted, the stipulation of facts reads as follows:

The defendant required and permitted O. O. Ryman to be and remain on duty as such telegraph operator at said office and station as follows:

From 8 o'clock a. m. May 30, 1910, to 12 o'clock noon on said date; from 1 o'clock p. m. on said date to 7 o'clock p. m. on said date.

From 8 o'clock a. m. on May 31, 1910, to 12 o'clock noon on said date; from 1 o'clock p. m. on said date to 7 o'clock p. m. on said date.

From 8 o'clock a. m. on June 1, 1910, to 12 o'clock noon on said date; from 1 o'clock p. m. on said date to 7 o'clock p. m. on said date.

From 8 o'clock a. m. on June 2, 1910, to 12 o'clock noon on said date; from 1 o'clock p. m. on said date to 7 o'clock p. m. on said date.

The defendant required and permitted J. H. Webster to be and remain on duty as such telegraph operator at said office and station as follows:

From 7 o'clock p. m. May 30, 1910, to 12 o'clock midnight on said date; from 1 o'clock a. m. May 31, 1910, to 6 o'clock a. m. on said date.

From 7 o'clock p. m. on May 31, 1910, to 12 o'clock midnight on said date; from 1 o'clock a. m. on June 1, 1910, to 6 o'clock a. m. on said date.

It is thus seen the day operator employed by defendant at this station on May 30th to June 2d, both inclusive, was continuously on duty from 8 a. m. to 7 p. m., except 1 hour from 12 noon until 1 p. m., or 10 hours of service out of 11 consecutive hours. And Night Operator Webster, during the same period, extending to the morning of June 1st, a similar number of consecutive hours, except 1 hour from 12 midnight to 1 a. m., 10 hours of service out of 11 consecutive hours.

It is the contention of the government the stipulated facts show the Coffeyville office of defendant at the time to have been not a day office only within the intendment of the provision of the act above quoted, but a day and night office in which the operators of defendant company could be neither permitted nor required to serve more than 9 hours out of the day. Therefore the defendant has admitted its violation of the law as charged in counts 1 to 6, both inclusive, of the amended petition.

On the contrary, it is contended by defendant, as the 10 hours of service performed by its operators were not continuous, but were broken by the intervention of 1 hour, and as the office was not open for the purpose of telegraphic communications regarding the movement of trains from 6 a. m. until 8 a. m. each day, it was not a night and day office within the meaning of the section of the act quoted. That is to say, it is the contention of defendant neither the hours of service of its employés nor the operation of its Coffeyville office were so continuous as required by the act to make it both a night and day office.

From the facts as stipulated I am of the opinion, on both authority and the very reason of the matter, defendant has violated the act as charged in counts 1 to 6, inclusive, of the amended petition.

In the passage of the act in question the Congress had in view the safety of both those traveling on and those engaged in operating interstate railway trains, to be accomplished by affording protection against

the uncertain working of the minds of its employés overtaxed by long-continued service, loss of sleep, etc. In so providing it classified the offices in which telegraphic operators engaged in handling train orders worked as day offices only and those open for the transaction of such business during both the day and night. As to the latter class, it limited the hours of service of such operators to 9 out of 24. As to the former class, where the office was open for business only during the daytime, it limited the hours of service of such operators to 13, unless in case of emergency the period of service should be extended to 17 hours without violating the statute. Such appears to be the reasonable construction of the act and the one given, at least in principle, from those courts in which it has received consideration. United States v. A., T. & S. F. Ry. Co., 220 U. S. 37, 31 Sup. Ct. 362, 55 L. Ed. 361; United States v. St. L. & S. W. Ry. Co. of Texas (D. C.) 189 Fed. 954.

It follows judgment must enter in favor of plaintiff and against defendant on counts 1 to 6, inclusive, of the amended petition. Counts 7 and 8 are dismissed.

The amount of the penalty to be assessed against defendant on the several counts will be determined, and judgment will be entered therefor on the first day of the regularly ensuing term of this court.

It is so ordered.